IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDERSON DWAYNE GREGG, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 06-926 |
| ) | |
| v. ) | Judge Fischer |
| ) | Magistrate Judge Caiazza |
| GEORGE PATRICK, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### I. **RECOMMENDATION**

It is recommended that the Amended Petition for Writ of Habeas Corpus filed by Anderson Dwayne Gregg be dismissed and that a certificate of appealability be denied.

### II. **REPORT**

Anderson Dwayne Gregg ("Gregg" or "the Petitioner"), a state prisoner, has filed a federal habeas corpus petition challenging his 2003 conviction for Robbery and related offenses. The Petitioner and two co-defendants robbed two men at gunpoint in the victims' apartment. One of the Petitioner's co-defendants testified against him. Additionally, Gregg was positively identified by one of the victims. He was sentenced to an aggregate term of 13 ½ to 27 years imprisonment on November 21, 2003.

Gregg has filed an amended petition for writ of habeas

corpus in which he raises the following claims: (1) direct appeal counsel was ineffective for failing to adequately present a claim concerning the sufficiency of the evidence; (2) trial counsel was ineffective for failing to provide a discovery package to Gregg which prevented him from participating in his own defense; (3) trial counsel failed to ask Gregg for his version of the events; (4) the Petitioner was denied a jury of his peers since no African Americans were in the jury pool; and (5) direct appeal counsel was ineffective for failing to properly litigate the Petitioner's claim that his sentence was excessive.

A. **Exhaustion and Procedural Default**.

The Petitioner's first claim and fifth claim – that direct appeal counsel was ineffective for failing to adequately present and argue his challenge to the sufficiency of the evidence, and that trial counsel was ineffective for failing to raise a post-sentence challenge to the length of his sentence- have never been presented to the state courts. Gregg did attempt to litigate the underlying claims on direct appeal, but the Pennsylvania Superior Court found both of the claims were waived (Doc. 13, Ex. 6, pp. 3-4). Gregg now challenges counsel's actions which caused the state court waiver. Gregg, however, never framed these issues as ineffective assistance claims until he presented them here. Gregg, consequently, has failed to exhaust state court remedies.

Even though Gregg has not satisfied the exhaustion requirement with respect to his first and fifth claims, he no longer has a remedy in the state courts because his sentence was imposed more than a year ago. 42 Pa. Cons. Stat. Ann. §9545(b)(1) (post conviction petition must be filed within one year of the time conviction becomes final). Exhaustion may, therefore, be excused. "If a claim has not been fairly presented to the state courts but state law clearly forecloses review . . . exhaustion is excused . . . but the doctrine of procedural default may come into play." Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002)(internal quotations and citations omitted).

Like the exhaustion requirement, the procedural default doctrine is based upon notions of comity and federalism. The procedural default barrier rests upon the "independent and adequate state grounds" doctrine, which dictates that federal courts will not review a state court decision involving a question of federal law if the state court decision is based on state law that is "independent" of the federal question and "adequate" to support the judgment. Coleman v. Thompson, 501 U.S. 722, 750 (1991). A state's procedural rules are entitled to deference by federal courts, and a violation may constitute an independent and adequate state ground for denial of federal review of habeas claims. Coleman, 501 U.S. at 750. Federal habeas review is not available to a petitioner whose constitutional claims have not

been addressed on the merits by the state courts due to procedural default unless the petitioner can demonstrate: 1) cause for the default and actual prejudice as a result of the alleged violation of federal law; or 2) failure to consider the claims will result in a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman, 501 U.S. at 750.

Gregg argues that counsel's ineffectiveness caused the state court waivers with respect to his sufficiency claim and his sentencing claim, *i.e.*, he asserts cause for the state court default. There is, though, a second procedural bar with respect to each of the claims found waived in the state court. Specifically, Gregg could have presented these specific ineffective assistance claims during his Pennsylvania Post Conviction Relief Act ("PCRA")proceeding -but did not. With respect to this second state court procedural default, Gregg does not assert cause. In fact, he cannot assert cause since it was his responsibility to raise these claims during his state post conviction proceedings, and a claim that PCRA counsel was also ineffective would not satisfy the cause requirement. Coleman, 501 U.S. at 752 (state court defendant not entitled to counsel during PCRA proceedings, hence habeas petitioner cannot claim ineffective assistance during such proceedings). Parenthetically, the failure to establish cause makes an inquiry into prejudice

4

unnecessary. See Murray v. Carrier, 477 U.S. 527, 533 (1986)(court need not consider prejudice if no cause is shown).

The Petitioner's first and fifth claims are, therefore, subject to a procedural default and should not be considered.[1] Gregg's second, third and fourth claims were presented to the state courts during his PCRA proceedings. There is no apparent procedural bar to this Court's consideration of these claims.

B. **The Analysis**.

A federal court may not issue the writ unless it concludes that the state court's adjudication resulted in a decision that was "contrary to" or an "unreasonable application of" clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 411 (2000)("[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that

---

1. The Court notes that neither of the defaulted claims rises to the level necessary to successfully invoke the "actual innocence" exception to the procedural default doctrine. In order to demonstrate that he is actually innocent, a petitioner must present **new** evidence of his innocence. Schlup v. Delo, 513 U.S. 298, 324 (1995). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence- that was not presented at trial." Id. Here, Petitioner has no new evidence to present, only his argument that the evidence (from a co-conspirator and victim that he actively participated in the crime) was not sufficient. Further, his sentencing claim is unrelated to the issue of guilt or innocence.

application must also be unreasonable.").

   1. Counsel's Failure to Provide Gregg with Discovery.

Gregg presented this claim to the state court in his post conviction proceeding. The PCRA court found that the Petitioner failed to identify during the hearing "any specific item of discovery so as to articulate how having a copy [of the discovery packet] in his possession would have affected the outcome of trial . . . ." (Doc. 13, Ex. 1, p. 2). The PCRA court determined that Gregg failed to establish prejudice.

The Sixth Amendment right to counsel exists "in order to protect the fundamental right to a fair trial." Lockhart v. Fretwell, 506 U.S. 364, 368 (1993) (citing Strickland v. Washington, 466 U.S. 668, 684 (1984)). The Supreme Court has formulated a two-part test for determining whether counsel rendered constitutionally ineffective assistance: 1) counsel's performance was unreasonable; and 2) counsel's unreasonable performance actually prejudiced the defense. Strickland, 466 U.S. at 687. The performance and prejudice prongs of Strickland may be addressed in either order, and, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." Strickland, 466 U.S. at 697. If no prejudice has accrued to a criminal defendant from counsel's asserted error, a claim of ineffective assistance must fail. Parrish v. Fulcomer, 150 F.3d

326, 327 (3d Cir. 1998)(counsel will not be deemed ineffective for failing to present an argument without merit).

Here, the state court's ruling that Gregg failed to establish prejudice is entirely consistent with federal law. Hence, no relief is warranted on this claim.

2. <u>Counsel Failed to Ask Gregg For His Version of Events.</u>

In the state court, Gregg did not specifically argue that counsel failed to elicit his version of events. Instead, he generally argued that counsel failed to investigate possible defenses without identifying what they might be. The PCRA court found that Gregg failed to show that further preparation by counsel would have aided him at trial. Essentially, he failed to establish any prejudice resulting from counsel's alleged failure to conduct a more detailed investigation. Interestingly, Gregg has modified this claim here, and now asserts that he was never asked to give counsel his version of the events:

> Had counsel conducted an adequate investigation he would have learned that petitioner met with his co-defendants while trying to buy some drugs for personal use. Co-defendant Hall told him he would get him good quality drugs at low costs. Petitioner then proceeded to the location for that purpose. Upon arrival, Mr. Hall told him to follow him up to the residence so as not to draw attention to himself outside. Upon entry, Mr. Hall withdrew a weapon and proceeded to make demands for valuables. Petitioner then withdrew a weapon he always carried and made comments to the victims intended to hold them at bay to prevent any actions which may result in injury. Petitioner took no property, received no property and had no information this would not be a drug

transaction . . ..

(Doc. 8, p. 10).

The ruling made by the state court is not an unreasonable application of federal law since, again, Gregg failed to establish prejudice. This Court, however, has been provided with additional information, *i.e.*, Gregg's version of events.

Normally, it would be inappropriate to consider evidence not presented to the state courts, but the Court must note here that Gregg's asserted defense almost reaches the level of a confession to the charged crimes. That said, a presentation of this proposed testimony could not possibly have aided him at trial since it: (1) places him at the scene; (2) shows that he acted in concert with Hall; and (3) contains an admission that Petitioner held a weapon on the victims while they were being robbed. Again, no relief is warranted with respect to this claim.

   3. <u>Counsel's Failure to Object to the Lack of African Americans in the Jury Pool.</u>

The state court rejected this claim on the basis that the Petitioner failed to establish that any discrimination existed in the selection of the jury pool and, accordingly, failed to establish that counsel's failure to object resulted in prejudice. This is a correct application of federal law.

"[J]ury wheels, pools of names, panels, or venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be

reasonably representative thereof." Taylor v. Louisiana, 419 U.S. 522, 538 (1975). To establish a cross section violation, a defendant must show that: "(1) the group alleged to be excluded is a 'distinctive' group in the community; (2) the representation of this group in jury venires is not 'fair and reasonable' in relation to the number of such persons in the community; and (3) the under representation is caused by the 'systematic exclusion of the group in the jury selection process.'" United States v. Weaver, 267 F.3d 231, 237 (3d Cir.2001) (quoting Duren v. Missouri, 439 U.S. 357, 364 (1979)). The "systematic exclusion" prong has a temporal element to it. It can be shown only by proof of a "substantial under-representation over a significant period of time." Ramseur v. Beyer, 983 F.2d 1215, 1234 (3d Cir.1992). And, it mandates that the "discrepancy occurred not just occasionally " but repeatedly for some period of time. Duren, 439 U.S. at 366.

Even assuming that Gregg has satisfied the first requirement, he has not set out any facts which would support a finding that African-Americans are not fairly represented on Fayette County juries, or that the Fayette County Courts systematically exclude African-Americans from juries and have done so for some length of time. Hence, the state court's conclusion that no claim was made out pursuant to Taylor, and, accordingly, that Gregg failed to establish prejudice from

counsel's failure to raise this claim, is a reasonable application of applicable federal law. Compare, Thomas v. Borg, 159 F.3d 1147 (9th Cir. 1998)(rejecting merits of cross-section claim premised upon census statistics, and finding no prejudice from counsel's failure to raise issue where: (1) demographics made it likely a jury would have been all white in any event; and (2) the evidence of guilt was overwhelming making it unlikely that any jury would have acquitted).

C. **Certificate of Appealability**

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). Because Gregg has not satisfied his burden, a certificate of appealability should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.1.4 B, objections to this Report and Recommendation are due on or before December 28, 2007. Failure to timely file objections may constitute a waiver of any appellate rights.

s/Francis X. Caiazza
Francis X. Caiazza
United States Magistrate Judge

Dated: December 12, 2007

cc:
ANDERSON DWAYNE GREGG
GB-5695
P.O. Box 1000
Houtzdale, PA 16698-1000